FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2019 APR -5  AM 10: 36

Docket No. _____

U.S. DISTRICT COURT
DISTRICT OF MASS.

JONATHAN MULLANE,          )
                          )
        *Plaintiff,*       )
                          )
                          )
v.                        )
                          )
ROBERTA REARDON,          )
 in both her individual and )
official capacities,       )
                          )
        *Defendant.*       )
                          )

*EX PARTE YOUNG* COMPLAINT
FOR INJUNCTIVE AND
DECLARATORY RELIEF

**BENCH TRIAL REQUESTED**

## VERIFIED COMPLAINT

COMES NOW Plaintiff Jonathan Mullane (hereinafter, "Plaintiff") and, complaining of Defendant Roberta Reardon (hereinafter, "Reardon" or "Defendant"), brings this action for injunctive and declaratory relief pursuant to Ex Parte Young, 209 U.S. 123 (1908), *inter alia*, and avers as follows:

## PARTIES

1.   Plaintiff Jonathan Mullane is a natural person and citizen of the Commonwealth of Massachusetts, County of Middlesex.

2.   Defendant Roberta Reardon is the New York State Department of Labor Commissioner, and is a citizen of the State of New York.

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction pursuant to Article III § 2 of the United States Constitution, and because the instant action gives rise to a federal question within the meaning of 28 U.S.C. § 1331.

4.   This Court has *in personam* jurisdiction over Defendant Reardon, as the causes of action herein give rise to a "federal question" within the meaning of 28 U.S.C. § 1331.[1]

5.   Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

6.   This matter is properly before this Article III forum, as this Court is authorized to grant injunctive and declaratory relief against state officials pursuant to, *inter alia*, the holding of Ex Parte Young, supra.

7.   The United States Supreme Court held in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005):

> In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court. **Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff** "present[s] some independent **claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is** jurisdiction **and state law** determines whether the defendant prevails under principles of preclusion." (Citations omitted) (emphasis supplied) at 293.

8.   As the First Circuit explained in Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508 (1st Cir. 2009):

---

[1] Under the so-called nationwide contacts test for the exercise of personal jurisdiction, the question is whether a party has sufficient contacts with the United States as a whole, not any particular state. Filler v. Lernout (In re Lernout & Hauspie Sec. Litig.), 337 F. Supp. 2d 298, 310 (D. Mass. 2004).

Abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation. These doctrines call upon federal courts to decline to exercise their properly held jurisdiction in circumstances where the interests of comity and federalism predominate. As a general matter, **abstention should be the exception, not the rule. The balance of state and federal interests only rarely favors abstention. Only extraordinary circumstances may justify abdication of the virtually unflagging obligation to exercise the jurisdiction given the federal courts.** (Emphasis supplied) at 517.

9.  In the case at bar, there are no "extraordinary circumstances" which would warrant abstention by this Court.

10. Federal actions such as the instant one seeking injunctive relief against state officials under both Ex Parte Young and the plain language 42 U.S.C. § 1983 constitute an exception to the Anti-Injunction Act of 1793. Just as it held in countless other cases, in Mitchum v. Foster, 407 U.S. 225, 229 (1972), the Court explained in pertinent part:

[T]his Court long ago recognized that federal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights. **Ex parte Young, 209 U.S. 123;** cf. Truax v. Raich, 239 U.S. 33; Dombrowski v. Pfister, 380 U.S. 479. For these reasons we conclude that, under the criteria established in our previous decisions **construing the anti-injunction statute, § 1983 is an Act of Congress that falls within the "expressly authorized" exception of that law.**

## MATERIAL FACTS

11. In the summer of 2016, Defendant sought to recover certain funds from Plaintiff which had been disbursed by the New York State Department of Labor (hereinafter, "Department of Labor").

12. The said funds were lawfully disbursed pursuant to § 599 of the New York Labor Law, which, inter alia, grants funding for students such as Plaintiff.

13. In the summer of 2016, Defendant erroneously alleged that Plaintiff had made a "willful misrepresentation" in his claim for funding because Plaintiff had attended a course at

Cornell University instead of New York University. Defendant alleged that the Department of Labor had *only* authorized coursework at New York University.

14.    On or about September 16, 2016, an Administrative Law Judge in the employ of the New York State Department of Labor held a hearing in connection with Defendant Reardon's allegations.

15.    During the September 16, 2016 hearing, the said Administrative Law Judge herself introduced as "Hearing Exhibit 1" a document containing certain false statements about Mullane's character and work performance.

16.    The said statements were made by Plaintiff's former employer in retaliation for Plaintiff's decision to engage an attorney and to assert a wrongful termination claim against the employer.

17.    The false statements knowingly submitted to Defendant regarding Plaintiff were made in violation of a criminal statute, New York Penal Law § 210.45.

18.    Quite surprisingly, at all times relevant hereto, Defendant had *actual knowledge* that the evidence submitted to the Administrative Law Judge—to wit, "Hearing Exhibit 1"—was fraudulent and factually false.

19.    In early December 2016—in a letter—Plaintiff's former employer informed Defendant, in no uncertain terms, that the statements it had made in "Hearing Exhibit 1" were factually false.

20.    In its December 2016 letter, Plaintiff's former employer unambiguously retracted and recanted *all* of the false representations it had previously made regarding Plaintiff. **[EXHIBIT A]**.

21.    Quite egregiously, at no time relevant hereto did Defendant notify Plaintiff that it had received the December 2016 letter from Plaintiff's former employer.

22.    Further, at no time relevant hereto did Defendant notify the Administrative Law Judge that it had received the December 2016 letter—nor did it disclose this material fact to the Unemployment Insurance Appeal Board or to the New York state courts on appeal.

23.    Further, on appeal, Plaintiff was unlawfully denied his right to a trial by jury, notwithstanding Defendant's allegations of a "willful misrepresentation."

24.     At no time relevant hereto did any New York court address any of the constitutional matters herein, despite Plaintiff's repeated attempts for the state courts to do so.

25.     Further, heretofore, at no time has any court reviewed any of the numerous *questions of law* timely raised by Plaintiff.

26.     Defendant now seeks to impose a judgment against Plaintiff, in this District, imposing monetary penalties in excess of $2,000.

27.     Because the state court proceedings are still ongoing, the instant action is not barred under the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).


## COUNT I

### 42 U.S.C. § 1983 – Substantive and Procedural Due Process
### pursuant to the Fourteenth Amendment

28.     Plaintiff restates and re-avers all of the foregoing paragraphs, and hereby reincorporates them by reference as if fully restated herein.

29.     Defendant, through her acts and omissions as described hereinabove, deprived Plaintiff of his constitutional right to procedural and due process.

30.     As a direct and natural consequence of the foregoing, in light of the absence of due process, the administrative judgment that Defendant now seeks to enforce against Plaintiff is a legal nullity. See, e.g., Farm Credit Bank v. Ferrera-Goitia, 316 F.3d 62, 67 (1st Cir. 2003) (judgments devoid of due process are *de jure* void); see also Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir. 2005) ("A void judgment is one which, from its inception, was a complete nullity and without legal effect").

31.     Defendant, by now attempting to impose a void judgment against Plaintiff, is the proximate cause of Plaintiff's harm.

32.     At all times relevant hereto, Defendant knew, or was willful in not knowing, that depriving Plaintiff of his right to due process would foreseeably cause him irreparable harm.

33.   <u>Inter alia</u>, Plaintiff will foreseeably incur financial harm, together with damage to his personal and professional reputation, from Defendant's efforts to enforce the void judgment against him.

## COUNT II
### 42 U.S.C. § 1983 –Art. III and the Sixth Amendment Right to a Trial by Jury

34.   Plaintiff restates and re-avers all of the foregoing paragraphs, and hereby reincorporates them by reference as if fully restated herein.

35.   Defendant, through her acts and omissions as described hereinabove, deprived Plaintiff of his constitutional right to a trial by jury.

36.   Pursuant to the Sixth Amendment, <u>inter alia</u>, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury [ . . . . ]"

37.   The administrative judgment for a "willful misrepresentation," imposing *punitive* monetary penalties **in excess of the out-of-pocket financial "loss"** of the State of New York, was inherently criminal in nature.

38.   The Supreme Court has held that "[t]he categorization of a particular proceeding as civil or criminal is 'first of all a question of statutory construction.'" <u>Kansas v. Hendricks</u>, 521 U.S. 346, 361 (1997) (quoting <u>Allen v. Illinois</u>, 478 U.S. 364, 368 (1986)).  A series of factors must be considered to decide this question. <u>See</u> <u>Hudson v. United States</u>, 522 U.S. 93, 99 (1997) (two step inquiry into legislative intent and effects of legislation); <u>Kennedy v. Mendoza-Martinez</u>, 372 U.S. 144, 168-69 (1963) (discussing seven factors to be considered when determining whether a matter involves a civil remedy or a criminal penalty).

39.   Defendant is the proximate cause of Plaintiff's harm.

40.   At all times relevant hereto, Defendant knew, or was willful in not knowing, that depriving Plaintiff of his right to a trial by jury would foreseeably cause him irreparable harm.

41.   <u>Inter alia</u>, Plaintiff will foreseeably incur financial harm, together with damage to his personal and professional reputation, from Defendant's efforts to enforce the void *criminal* judgment against him without any trial whatsoever.

## COUNT III

### 42 U.S.C. § 1983 - Facial and As-Applied Challenge to New York Labor Law § 597(4) as Void for Impermissible Vagueness in Violation of the Due Process Clause of the Fourteenth Amendment

42.  Plaintiff restates and re-avers all of the foregoing paragraphs, and hereby reincorporates them by reference as if fully restated herein.

43.  Pleading in the alternative, Plaintiff states that the term "willful" within the meaning of New York Labor Law § 597(4) is impermissibly vague.

44.  Defendant alleged that, even though Plaintiff—a layperson—was verbally informed by a Department of Labor employee that he could continue to obtain benefits during his course at Cornell University, Plaintiff "should have known" that the said government employee was mistaken. Therefore, Defendant avers, Plaintiff's claim for benefits constituted a "willful misrepresentation" within the meaning of New York Labor Law § 597(4).

45.  Defendant's *future* enforcement of the subject judgment against Plaintiff will cause him irreparable financial harm, together with harm to Plaintiff's personal and professional reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, by reason of the foregoing premises, Plaintiff prays for relief and respectfully requests that this Honorable Court:

(i)    Enter a declaratory judgment in favor of Plaintiff and against Defendants on all counts of the complaint;

(ii)   Issue a mandatory injunction and order permanently barring and enjoining Defendants from engaging in such unlawful and unconstitutional conduct;

(iii)  Issue a mandatory injunction and order barring Defendant's enforcement of the unconstitutional *administrative* judgment against Plaintiff;

(iii)  Award Plaintiff attorneys' fees, if any, together with costs and expenses; and

(iv)   Grant such further relief as this Honorable Court may deem just and proper.

7

Respectfully submitted,

JONATHAN MULLANE,
Plaintiff *pro se*
60 Clyde Street, Unit #1
Somerville, MA 02145
Tel.: (617) 800-6925
j.mullane@icloud.com

DATED: April 4, 2019

## VERIFICATION

I, JONATHAN MULLANE, under oath, hereby state that I have reviewed the within Verified Complaint, and, based upon my own personal knowledge, hereby verify and affirm that the allegations contained therein are true and accurate, and hereby certify that no material facts have been omitted therefrom.

Signed under the pains and penalties of perjury this Fourth Day of April, 2019.

JONATHAN MULLANE